**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

| | |
|---|---|
| Carlos Mendez Alvarez,<br>Petitioner<br>-vs-<br>Charles L. Ryan, et al.,<br>Respondents. | CV-13-0172-PHX-SLG (JFM)<br><br>**Order** |

# I. MATTER UNDER CONSIDERATION

Petitioner, presently incarcerated in the Arizona State Prison Complex at Florence, Arizona, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on January 25, 2013 (Doc. 1). On June 21, 2013 Respondents filed their Response ("Limited Answer") (Doc. 12). Petitioner has not filed a reply.

The Petitioner's Petition is now ripe for consideration. Accordingly, the undersigned makes the following proposed findings of fact, report, and recommendation pursuant to Rule 8(b), Rules Governing Section 2254 Cases, Rule 72(b), Federal Rules of Civil Procedure, 28 U.S.C. § 636(b) and Rule 72.2(a)(2), Local Rules of Civil Procedure.

# II. RELEVANT FACTUAL & PROCEDURAL BACKGROUND

## A. FACTUAL BACKGROUND AND PROCEEDINGS AT TRIAL

This case arises out of an Indictment (Exhibit B) filed in Maricopa County Superior Court in July, 2001. In disposing of Petitioner's direct appeal, the Arizona Court of Appeals summarized the case as follows:

> The defendant was indicted on four counts of sexual conduct with a minor and one count of kidnapping. The indictment arose out of sexual assaults alleged to have been committed by the defendant

> against a young boy with whom he resided at the time.
>
> The case proceeded to trial, and the jury convicted the defendant of a lesser included offense of attempted sexual conduct with a minor (Count 1); kidnapping (Count 4); and sexual conduct with a minor (Count 5). The jury acquitted the defendant of the remaining counts. The trial court sentenced the defendant to life in prison for Count 5, seventeen years in prison for Count 4, and ten years in prison for Count 1. The court ordered all sentences to run consecutively and credited the defendant with 598 days of presentence incarceration.

(Exhibit H, Mem. Dec. 3/25/03.)  (Exhibits to the Answer, Doc. 12, are referenced herein as "Exhibit ___.")  Petitioner was sentenced on April 19, 2002.  (Exhibit D, Sentence.)

### B.  PROCEEDINGS ON DIRECT APPEAL

Petitioner filed a direct appeal challenging the admission of expert testimony, his presentence incarceration credits, and the imposition of consecutive sentences.  (Exhibit E, Opening Brief.)  The Arizona Court of Appeals, in a Memorandum Decision issued March 25, 2003, granted relief as to the presentence incarceration credits, and ordered the sentences on Counts 1 and 4 be served concurrently.  (Exhibit H, Mem. Dec. 3/25/3.)  The net result was a life sentence, to be followed by concurrent sentences of 17 and 10 years.

Petitioner did not seek further review.  (Exhibit I, Order & Mandate, 5/9/03.)

### C.  PROCEEDINGS ON FIRST POST-CONVICTION RELIEF

In June, 2002, during the pendency of his direct appeal, Petitioner filed a Notice of Post-Conviction Relief (Exhibit S), and eventually a *pro per* Petition for Post-Conviction Relief (Exhibit L).  The PCR court dismissed the Petition on April 9, 2003, in a minute entry filed April 10, 2003 (Exhibit L) on the basis that Petitioner "failed to provide any facts on which any relief can be granted."

Petitioner did not seek further review on this petition.

### D.  PROCEEDINGS ON SECOND POST-CONVICTION RELIEF

On July 10, 2003, Petitioner filed a second Petition for Post-Conviction Relief,

with a supporting affidavit dated July 3, 2003. (Exhibit T.) Counsel was appointed, and on January 26, 2004 filed a revised Petition (Exhibit M) asserting ineffective assistance of trial counsel in failing to make an opening argument, inadequately cross-examining the victim, and failing to impeach the victim's credibility. On April 8, 2004, the PCR court dismissed the Petition, finding it "does not state a colorable claim." (Exhibit O, M.E. 4/8/04.)

Petitioner did not seek further review.

### E.  PROCEEDINGS ON THIRD POST-CONVICTION RELIEF

On December 24, 2008, Petitioner filed a third Petition for Post-Conviction Relief (Exhibit P), dated December 19, 2008, purportedly asserting newly discovered evidence. The PCR court summarized the claims as follows:

> Defendant claims counsel did not fully explain the consequences of withdrawing from his plea agreement and proceeding to trial. Defendant further asserts that he was denied his right to a speedy trial, and that the trial court erred in allowing testimony by one of the detectives involved in the case. Finally, the defendant argues that the state's expert, Robert Emerick, supplanted his expert opinion for the fact-finding function of the jury.

(Exhibit Q, M.E. 1/23/09.) On January 23, 2009, the PCR court dismissed the petition as untimely on the basis that claims were untimely and "either were or could have been raised on appeal or in a prior Rule 32 proceeding." (*Id.*)

Petitioner filed a petition for review, which was summarily denied. (Exhibit R, Order 3/29/10.)

### F.  PRESENT FEDERAL HABEAS PROCEEDINGS

**Petition** - Petitioner commenced the current case by filing his Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, dated January 23, 2013 on January 25, 2013 (Doc. 1). Petitioner's Petition asserts the following four grounds for relief:

> In Ground One, Petitioner alleges that he received ineffective assistance of counsel because he withdrew from a plea agreement based on his attorney's "persist[e]nce to go to trial" and because his attorney did not raise mitigating circumstances, object to the

3

>       duplicity of the charges, or object to the sentence enhancement.
>           In Ground Two, Petitioner claims his Fifth, Sixth, and Fourteenth Amendment rights were violated. He asserts that he withdrew from the plea agreement and ultimately received the maximum sentence because of his attorney's "misadvice" and threat to withdraw from the case if Petitioner did not withdraw from the plea agreement. Petitioner asserts that he was "forcibly coerced by duress to withdraw his plea agreement."
>           In Ground Three, Petitioner contends he received ineffective assistance of appellate and post-conviction-relief counsel because they failed to communicate with Petitioner and failed to develop a claim regarding Petitioner's reason for withdrawing from the plea agreement.
>           In Ground Four, he asserts that his due process and equal protection rights were violated. He claims that "both appellant defense counsel rejecting the argu[]ment Petitioner presented that neither one pursue[d] to follow was compelled by jurisprudence pertaining to cause excusable procedural default. Failing to raise a claim on direct appeal and in P.C.R. proceeding, as was instructed by defendant." (citation omitted).

(Order 5/9/13, Doc. 7 at 2.)

Petitioner alleges he has not presented any of his claims to the Arizona Court of Appeals. (*Id.*) As for his failure to timely file, Petitioner argues that he was unaware of his rights and the statute of limitations, and was not properly represented by counsel or provided other assistance. (Petition, Doc. 1 at 11.)

**Response** - On June 21, 2013, Respondents filed their Response ("Limited Answer") (Doc. 12). Respondents argue that the petition is barred by the habeas statute of limitations, that Petitioner has failed to show cause for equitable tolling, and the Petitioner's claims are unexhausted and procedurally defaulted.

**Reply** – Petitioner was given thirty days from service of the answer to reply. (Order 5/9/13 at 4.) Petitioner has not replied and the time to do so has passed.

### III. APPLICATION OF LAW TO FACTS

**A. TIMELINESS**

**1. One Year Limitations Period**

Respondents assert that Petitioner's Petition is untimely. As part of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Congress provided a 1-year statute of limitations for all applications for writs of habeas corpus filed pursuant to

4

28 U.S.C. § 2254, challenging convictions and sentences rendered by state courts. 28 U.S.C. § 2244(d). Petitions filed beyond the one year limitations period are barred and must be dismissed. *Id.*

### 2. Commencement of Limitations Period

The one-year statute of limitations on habeas petitions generally begins to run on "the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).[1] Here, Petitioner's direct appeal was denied by the Arizona Court of Appeals on March 25, 2003. Petitioner had thirty days thereafter to seek further review by the Arizona Supreme Court. Ariz. R. Crim. P. 31.19(a). He did not seek such review. (Exhibit I, Order and Mandate.) Thus his conviction became final on April 24, 2003.

Therefore, Petitioner's one year began running on April 25, 2003, and without any tolling expired on April 24, 2004, making his January 25, 2013 Petition almost nine years delinquent.

### 3. Statutory Tolling

The AEDPA provides for tolling of the limitations period when a "properly filed application for State post-conviction or other collateral relief with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2).

Petitioner's first PCR proceeding was instituted in June 2002, when Petitioner filed his PCR notice (Exhibit S), while his direct appeal was pending. The PCR proceeding remained pending until April 10, 2003 when the PCR court dismissed the petition (Exhibit L, M.E. 4/10/03), some 15 days before his time to seek further review on direct appeal expired. At that time, Petitioner's conviction was not yet final and his limitations period had not begun to run. Accordingly, his first PCR petition did not

---

[1] Later commencement times can result from a state created impediment, newly recognized constitutional rights, and newly discovered factual predicates for claims. *See* 28 U.S.C. § 2244(d)(1)(B)-(D). Petitioner proffers no argument that any of these apply.

result in any tolling.

Petitioner's second PCR proceeding was instituted on July 10, 2003. Under the prison mailbox rule, a prisoner's state filings are deemed "filed" when they are delivered to prison officials for mailing. *See Anthony v. Cambra*, 236 F.3d 568 (9th Cir. 2000). Here, Petitioner's second PCR petition was undated, but contained a supporting affidavit dated July 3, 2003. (Exhibit T.) Because it does not affect the outcome, the undersigned presumes that the prison mailbox rule applies, and that Petitioner delivered his second PCR petition to prison authorities on July 3, 2003. As of that date, Petitioner had used 76 days (from April 25, 2003 to July 10, 2003) of his one year and had 289 days remaining.

The second petition remained pending until May 6, 2004, when the PCR court filed its order dismissing the Petition, finding it "does not state a colorable claim." (Exhibit O, M.E. 4/8/04.) Petitioner did not seek further review, and his remaining 289 days began running again on May 7, 2004. Accordingly, without further tolling, Petitioner's one year expired on Tuesday, February 22, 2005.

Petitioner's third PCR proceeding was not commenced until December 24, 2008, when Petitioner filed his third Petition for Post-Conviction Relief (Exhibit P). Again, because it does not make a difference, the undersigned presumes the prison mailbox rule applies, and that the petition should be deemed filed as of its date, December 19, 2008. At that time, Petitioner's limitations period had been expired for almost four years. Once the statute has run, a subsequent post-conviction or collateral relief filing does not reset the running of the one year statute. *Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001); *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003). Accordingly, Petitioner has no statutory tolling resulting from his third PCR proceeding, and his limitations period expired on February 22, 2005.

The undersigned again presumes that Petitioner is entitled to application of the prison mailbox rule, and that his federal habeas Petition was delivered to prison officials for mailing on the signature date of January 23, 2013. (Petition, Doc. 1 at 1.) Thus,

Petitioner's habeas Petition was almost eight years delinquent.

### 4. Equitable Tolling

"Equitable tolling of the one-year limitations period in 28 U.S.C. § 2244 is available in our circuit, but only when 'extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time' and 'the extraordinary circumstances were the cause of his untimeliness.'" *Laws v. Lamarque*, 351 F.3d 919, 922 (9th Cir. 2003).

> To receive equitable tolling, [t]he petitioner must establish two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way. The petitioner must additionally show that the extraordinary circumstances were the cause of his untimeliness, and that the extraordinary circumstances ma[de] it impossible to file a petition on time.

*Ramirez v. Yates,* 571 F.3d 993, 997 (9th Cir. 2009) (internal citations and quotations omitted). "Indeed, 'the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule.'" *Miranda v. Castro,* 292 F.3d 1063, 1066 (9th Cir. 2002) (quoting *United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir.). Petitioner bears the burden of proof on the existence of cause for equitable tolling. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *Rasberry v. Garcia*, 448 F.3d 1150, 1153 (9th Cir. 2006) ("Our precedent permits equitable tolling of the one-year statute of limitations on habeas petitions, but the petitioner bears the burden of showing that equitable tolling is appropriate.").

Petitioner proffers three bases for equitable tolling: (1) he was unaware of the statute of limitations; (2) he was not properly represented by counsel; and (3) he did not have other assistance and was thus unaware of his rights. (Petition, Doc. 1 at 11.)

**Notice of Statute of Limitations** - With regard to Petitioner's notice of the statute, "it is well established that ignorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse prompt filing." *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir.2000) (quotation marks and citation omitted) (as cited in *Raspberry*, 448

F.3d at 1154). *Cf. Whalem/Hunt v. Early,* 233 F.3d 1146, 1148 (9th Cir.2000) (*en banc*) (*per curiam*) (lack of access to AEDPA, as opposed to knowledge of it, might be cause for equitable tolling).

**Ineffective Assistance** – Although an attorney's behavior can establish the extraordinary circumstances required for equitable tolling, mere negligence or professional malpractice is insufficient. *Frye v. Hickman*, 273 F.3d 1144, 1146 (9th Cir.2001).  A "garden variety claim of excusable neglect,' such as a simple 'miscalculation' that leads a lawyer to miss a filing deadline does not warrant equitable tolling.' " *Holland v. Florida*, 560 U.S. ____, 130 S.Ct. 2549, 2564 (2010). Rather, the attorney's misconduct must rise to the level of extraordinary circumstances.  *Id.*  For example, an unadorned failure to advise about a limitations period would, at best, be simple negligence.  *Cf. Spitsyn v. Moore,* 345 F.3d 796, 801 (9th Cir. 2003) (allowing equitable tolling where petitioner's counsel was hired almost a year in advance, failed to do anything to prepare the petition or to respond to numerous letters and phone calls, and withheld petitioner's file for over two months after the limitations period expired); *Holland, supra* (discussing potential for finding of extraordinary circumstances where counsel misinformed petitioner about filing deadline, failed to communicate conclusion of state appeals, and failed to communicate with petitioner at all over a period of years, all despite repeated requests by petitioner).

Here Petitioner offers no particulars of his counsel's misdeeds, but simply alleges he "was not represented proper[ly]." (Petition, Doc. 1 at 11.)  That is not sufficient to meet Petitioner's burden of establishing extraordinary circumstances.

***Pro Se* Status** – Finally, Petitioner argues that he "had no one to aide me in law," and was "not aware what were my rights." (Petition, Doc. 1 at 11)  "It is clear that *pro se* status, on its own, is not enough to warrant equitable tolling." *Roy v. Lampert,*  465 F.3d 964, 970 (9th Cir. 2006).  A prisoner's "proceeding *pro se* is not a 'rare and exceptional' circumstance because it is typical of those bringing a § 2254 claim." *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000).  *See also Rasberry v. Garcia,* 448 F.3d

1150, 1154 (9th Cir. 2006) ("a *pro se* petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling").

**Summary** – Petitioner has failed to show that he is entitled to equitable tolling.

### 5. Actual Innocence

The Ninth Circuit has concluded that the habeas statute of limitations is subject to an exception for claims of actual innocence. *Lee v. Lampert*, 653 F.3d 929 (9th Cir. 2011). Petitioner makes no such claim in this proceeding.

### 6. Summary re Statute of Limitations

Petitioner's one year habeas limitations period commenced running on April 25, 2003, and was tolled during his second PCR proceeding from July 10, 2003 through May 6, 2004. Thereafter, it expired on February 22, 2005, making his January, 2013 Petition almost eight years delinquent. Petitioner has shown no basis for equitable tolling or actual innocence to avoid the effects of his delay. Consequently, the Petition must be dismissed with prejudice.

## B. OTHER DEFENSES

Respondents assert that Petitioner has procedurally defaulted on his state remedies on his claims. Because the undersigned finds the petition plainly barred under the statute of limitations, these other defenses are not reached.

## IV. CERTIFICATE OF APPEALABILITY

**Ruling Required** - Rule 11(a), Rules Governing Section 2254 Cases, requires that in habeas cases the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Such certificates are required in cases concerning detention arising "out of process issued by a State court", or in a proceeding under 28 U.S.C. § 2255 attacking a federal criminal judgment or sentence. 28

U.S.C. § 2253(c)(1).

Here, the Petition is brought pursuant to 28 U.S.C. § 2254, and challenges detention pursuant to a State court judgment. The recommendations if accepted will result in Petitioner's Petition being resolved adversely to Petitioner. Accordingly, a decision on a certificate of appealability is required.

**Applicable Standards** - The standard for issuing a certificate of appealability ("COA") is whether the applicant has "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

**Standard Not Met** - Assuming the recommendations herein are followed in the district court's judgment, that decision will be on procedural grounds. To the extent that Petitioner's claims are rejected on procedural grounds, under the reasoning set forth herein, the undersigned finds that "jurists of reason" would not "find it debatable whether the district court was correct in its procedural ruling." Accordingly, to the extent that the Court adopts this Report & Recommendation as to the Petition, a certificate of appealability should be denied.

## V. RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that the Petitioner's Petition for Writ of Habeas Corpus, filed January 25, 2013 (Doc. 1) be **DISMISSED WITH**

**PREJUDICE**.

**IT IS FURTHER RECOMMENDED** that, to the extent the reasoning of this Report and Recommendation is accepted, a Certificate of Appealability be **DENIED**.

### V. EFFECT OF RECOMMENDATION

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to *Rule 4(a)(1), Federal Rules of Appellate Procedure*, should not be filed until entry of the district court's judgment.

However, pursuant to *Rule 72(b), Federal Rules of Civil Procedure,* the parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See also* Rule 8(b), Rules Governing Section 2254 Proceedings. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. Failure to timely file objections to any findings or recommendations of the Magistrate Judge will be considered a waiver of a party's right to *de novo* consideration of the issues, *see United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)(*en banc*), and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the recommendation of the Magistrate Judge, *Robbins v. Carey*, 481 F.3d 1143, 1146-47 (9th Cir. 2007).

Dated: August 2, 2013

James F. Metcalf
United States Magistrate Judge

13-0172o Order 13 07 26 re RR on HC.docx