IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Carlos Mendez Alvarez,<br><br>      Petitioner,<br>  v.<br><br>Charles L. Ryan et al.,<br><br>      Respondents. | Case No. CV 13-0172-PHX-SLG (JFM) |

**<u>ORDER DISMISSING PETITION FOR HABEAS CORPUS</u>**

  Before the Court is the Petition for Writ of Habeas Corpus ("the Petition"), filed pursuant to 28 U.S.C. § 2254, by petitioner Carlos Mendez Alvarez ("Petitioner" or "Alvarez").[1] On June 21, 2013, Respondents filed their response (a "Limited Answer").[2] Alvarez filed no reply. On August 2, 2013, Magistrate Judge James F. Metcalf issued a Report and Recommendation ("R&R"), recommending that the Petition be dismissed with prejudice and that a certificate of appealability be denied.[3] On August 15, 2013, Alvarez filed objections to the R&R.[4] For the following reasons, the Court will adopt the Magistrate Judge's R&R, dismiss the Petition with prejudice, and deny a certificate of appealability.

---

[1] Docket 1 (Pet.).

[2] Docket 12 (Limited Answer).

[3] Docket 13 (R&R).

[4] Docket 14 (R&R Objections).

## FACTUAL AND PROCEDURAL BACKGROUND

Alvarez was convicted on April 19, 2002 by a jury in Maricopa County Superior Court of attempted sexual conduct with a minor, kidnapping, and sexual conduct with a minor (Case No. CR-2001-010975).[5] The trial court sentenced Alvarez to consecutive sentences totaling life plus 27 years of imprisonment.[6] Alvarez appealed his conviction to the Arizona Court of Appeals, which affirmed on March 25, 2003.[7]

Alvarez previously filed three petitions for post-conviction relief in Arizona Superior Court; each was denied, the last as of May 5, 2004.[8] Alvarez filed this Petition on January 25, 2013, asserting four grounds for relief:

> In Ground One, Petitioner alleges that he received ineffective assistance of counsel because he withdrew from a plea agreement based on his attorney's "persist[e]nce to go to trial" and because his attorney did not raise mitigating circumstances, object to the duplicity of the charges, or object to the sentence enhancement.
>
> In Ground Two, Petitioner claims his Fifth, Sixth, and Fourteenth Amendment rights were violated. He asserts that he withdrew from the plea agreement and ultimately received the maximum sentence because of his attorney's "misadvice" and threat to withdraw from the case if Petitioner did not withdraw from the plea agreement. Petitioner asserts that he was "forcibly coerced by duress to withdraw his plea agreement."
>
> In Ground Three, Petitioner contends he received ineffective assistance of appellate and post-conviction-relief counsel because they failed to communicate with Petitioner and failed to develop a claim regarding Petitioner's reason for withdrawing from the plea agreement.
>
> In Ground Four, he asserts that his due process and equal protection rights were violated. He claims that "both appellant defense counsel rejecting the argu[]ment Petitioner presented that neither one pursue[d] to

---

[5] Docket 1 (Pet.).

[6] *Id.* at 2; Docket 7 (5/9/13 Order).

[7] Docket 1 at 2.

[8] *Id.* at 4-5; Docket 13 (R&R).

follow was compelled by jurisprudence pertaining to cause excusable procedural default. Failing to raise a claim on direct appeal and in P.C.R. proceeding, as was instructed by defendant." (citation omitted).[9]

Respondents filed a Limited Answer to the Petition in which they assert that the Petition is barred by the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") one-year statute of limitations for habeas claims, that Alvarez failed to show cause for equitable tolling, that Alvarez failed to exhaust state remedies, and that his claim is procedurally defaulted.[10]

On August 2, 2013, the Magistrate Judge filed and served the R&R, recommending that the Petition be dismissed with prejudice and that a certificate of appealability be denied.[11]  Specifically, the Magistrate Judge concluded that Alvarez's petition was untimely under AEDPA's one-year statute of limitations.[12]  The Magistrate Judge explained that, taking into account statutory tolling for Alvarez's three state petitions, the statute of limitations ran on April 24, 2004; Alvarez did not file this Petition until January 25, 2013.[13]  The Magistrate Judge also detailed why Alvarez did not qualify for equitable tolling.[14]  As part of that analysis, the Magistrate Judge noted that "[t]he Ninth Circuit has concluded that the habeas statute of limitations is subject to an

---

[9]  Docket 7 (5/9/13 Order) (summarizing grounds for relief); Docket 1 at 6-15 (Pet.).

[10]  Docket 12 (Limited Answer).

[11]  Docket 13 (R&R).

[12]  *Id.* at 4-7; 28 U.S.C. § 2244(d).

[13]  Docket 13 at 5-6.

[14]  *Id.* at 7-9.

exception for claims of actual innocence," but that Alvarez "makes no such claim in this proceeding."[15]

On August 15, 2013, Alvarez filed timely objections to the R&R, listing six numbered objections.[16] The first objection states, "Petitioner is actually innocent and has asserted this fact from the beginning of his incarceration."[17] Alvarez then asserts "that this case is an actual innocence case and the exception to [the] procedural bar rule should apply."[18] Objections two through six are essentially restatements of the grounds for relief that Alvarez had previously stated in the Petition.

## STANDARD OF REVIEW

Under 28 U.S.C. § 636(b)(1), a court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."[19] However, a court must only "make a de novo determination of those portions of the [magistrate judge's] report or specified proposed findings or recommendations to which objection is made."[20]

---

[15] Docket 13 at 9 (citing *Lee v. Lampert*, 653 F.3d 929 (9th Cir. 2011) (en banc)).

[16] Docket 14 (R&R Objections).

[17] *Id.* at 1.

[18] *Id.* at 3.

[19] 28 U.S.C. § 636(b)(1)(C).

[20] *Id.*; *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) ("Neither the Constitution nor the statute requires a district judge to review, de novo, findings and recommendations that the parties themselves accept as correct.").

## DISCUSSION

Below, the Court addresses Alvarez's six objections.

Alvarez's first objection asserts that he "is actually innocent."[21] He adds that because "this case is an actual innocence case[,] . . . the exception to [the] procedural bar rule should apply."[22] In *Lee v. Lampert*, the Ninth Circuit concluded that "a credible showing of 'actual innocence' . . . excuses the statute of limitations period established by [AEDPA]."[23] But the court added that "habeas corpus petitions advancing a credible claim of actual innocence are 'extremely rare.'"[24] A petitioner has the heavy burden of producing "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial."[25] "[A] 'petitioner must show that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence.'"[26]

Although Alvarez's first objection states that he "is actually innocent" of his crimes, this is in stark contrast to the Petition, in which Alvarez acknowledges that he committed the crimes for which he was convicted and seeks post-conviction relief.[27]

---

[21] Docket 14 at 1 (R&R Objections).

[22] *Id.* at 3.

[23] *See Lampert*, 653 F.3d at 931 (citing *Schlup v. Delo*, 513 U.S. 298 (1995)).

[24] *Lampert*, 653 F.3d at 937 (quoting *Schlup*, 513 U.S. at 321).

[25] *See Lampert*, 653 F.3d at 938 (citing *Schlup*, 513 U.S. at 324).

[26] *Lampert*, 653 F.3d at 938 (quoting *Schlup*, 513 U.S. at 327).

[27] *See* Docket 1 at 7 (Pet.) ("[H]e knew he had to accept the consequences of the charges against him. He was not avoiding the prosecution."); Docket 1 at 14 ("The petitioner knew he was guilty and only wanted to receive the plea agreement the STATE OF ARIZONA ATTORNEY promised to give him.").

And Alvarez does not identify any "new reliable evidence" showing his innocence.[28] He merely reasserts that his counsel's assistance was ineffective, explaining that at trial, counsel "failed to directly challenge the alleged victim's credibility, where it was shown [on the record] that th[e] witness had a propensity to lie."[29] And the remedy he seeks is "specific performance of the original plea offer by the state court"[30]—not a new trial. Accordingly, Alvarez has failed to carry his burden of demonstrating that he is entitled to present otherwise time-barred claims to a federal habeas court based on a showing of actual innocence.

In objections two through six, Alvarez essentially restates the grounds for relief stated in the Petition. He does not question the factual findings of the R&R, nor does he question the legal analysis upon which the Magistrate Judge ultimately recommended dismissal of the petition—that is, that neither statutory nor equitable tolling apply to make the Petition timely. Accordingly, objections two through six do not require de novo review.[31] Nevertheless, this Court has independently reviewed the record and the Magistrate Judge's analysis and sees no reason to depart from the sound reasoning in the R&R.

---

[28] *Lampert*, 653 F.3d at 938 (quoting *Schlup*, 513 U.S. at 327).

[29] Docket 14 at 3, 4 (R&R Objections).

[30] *Id.* at 7.

[31] *See* 28 U.S.C. § 636(b)(1)(C); *see also Harden v. Ryan*, No. 11-cv-694-TUC-RCC, 2013 U.S. Dist. LEXIS 64925, at *3-4 (D. Ariz. May 6, 2013) ("[T]he Court will deem Petitioner's objections, which are mere recitations of earlier arguments, ineffective.").

## CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that:

1. The Report and Recommendation filed August 2, 2013 is **ADOPTED** in its entirety, and the Petition for Habeas Corpus is **DISMISSED WITH PREJUDICE.**

2. The Clerk of Court shall enter a final judgment accordingly.

**IT IS FURTHER ORDERED** that a certificate of appealability shall not be issued by this Court.[32] This Court finds that Alvarez has not made the requisite "substantial showing of the denial of a constitutional right" specified in 28 U.S.C. §2253(c)(2). Any request for a certificate of appealability must be addressed to the Court of Appeals.[33]

DATED at Anchorage, Alaska this 2nd day of December, 2013.

*/s/ Sharon L. Gleason*
United States District Judge

---

[32] 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (a certificate of appealability may be granted only if the applicant has made "a substantial showing of the denial of a constitutional right," i.e., a showing that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further" (internal quotation marks and citations omitted)).

[33] Fed. R. App. P. 22(b).